FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHAWN S.,

       Plaintiff,

       v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

No. 1:22-CV-3039-JAG

ORDER GRANTING
PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT
AND REMANDING FOR A
FINDING OF DISABILITY

ECF Nos. 14, 17, 18

      **BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment, ECF
No. 14, Defendant's Motion for Remand, ECF No. 17, and Plaintiff's Motion to
Remand for Benefits, ECF No. 18.  Attorney James Tree represents Shawn S.
(Plaintiff); Special Assistant United States Attorney Jamala Edwards represents the
Commissioner of Social Security (Defendant).  The parties have consented to
proceed before a magistrate judge.  ECF No. 6.

      After reviewing the administrative record and the briefs filed by the parties,
the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES**
Defendant's Motion for Remand; **GRANTS** Plaintiff's Motion to Remand for
Benefits; and **REMANDS** the matter to the Commissioner for a finding of
disability pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.    JURISDICTION

Plaintiff filed applications for benefits in February 2016, alleging disability since April 8, 2015.  Tr. 180-87.  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Meyers held a hearing on October 13, 2017, and issued an unfavorable decision on April 30, 2018. Tr. 12-32.  This Court subsequently remanded the matter.  Tr. 559-79.  The ALJ held a second hearing on December 2, 2021, and issued an unfavorable decision on January 12, 2022.  Tr. 478-500.  Plaintiff appealed this final decision of the Commissioner on March 23, 2022.  ECF No. 1.[1]

# II.    LEGAL STANDARDS

The district court may "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Whether to reverse and remand for further proceedings or to calculate and award benefits is a decision within the discretion of the district court.  *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Under the credit-as-true rule, a remand for benefits is proper where: 1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; 2) the record has been fully developed and further administrative proceedings would serve no useful purpose; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required

---

[1] The parties agree that a remand is necessary and dispute only the appropriate remedy (*i.e.*, a remand for further proceedings or a finding of disability). Accordingly, the Court dispenses with a recitation of the administrative sequential evaluation process and the ALJ's decision.  The Court also assumes the parties' familiarity with the record.

ORDER GRANTING PLAINTIFF'S MOTION . . . 2

to find the claimant disabled on remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, however, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

### III. DISCUSSION

#### A. The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting Evidence.

The parties agree the ALJ erred by erroneously assessing the medical opinion evidence, Plaintiff's testimony, and the lay witness testimony. *See* ECF No. 17, 18. Accordingly, the parties do not dispute that one step of the credit-as-true rule has been met—the ALJ failed to provide legally sufficient reasons for rejecting evidence. The Court agrees and finds error on these issues.

The parties dispute, however, whether the remaining steps of the credit-as-true rule are satisfied—that is, whether further proceedings are necessary to resolve ambiguities in the record, *see Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014), and whether, if credited, erroneously discounted evidence pellucidly affirms that Plaintiff is disabled, *see Garrison*, 759 F.3d at 1021. Plaintiff argues the undisputed errors in this case warrant remand for an immediate award of benefits. ECF No. 14, 18. The Commissioner, however, seeks remand of this matter for a new hearing to enable the Commissioner to reevaluate particular record evidence and issue a new decision. ECF No. 17.

#### B. The Record is Fully Developed and Further Administrative Proceedings Would Serve No Useful Purpose.

The Commissioner argues a remand for further proceedings is appropriate because there are "unresolved issues that must be evaluated and the record does not clearly require a finding of disability." ECF No. 17 at 3. The Commissioner avers evidence concerning Plaintiff's activities "suggests he has greater functional

ORDER GRANTING PLAINTIFF'S MOTION . . . 3

abilities than he has admitted" and must be reweighed in the first instance by the ALJ upon remand.  ECF No. 17 at 6-9.  Specifically, the Commissioner contends that Plaintiff's ability to manage his finances, cook meals, take care of his children, play videogames, drive a car, and follow a triathlon training program is inconsistent with his alleged difficulty concentrating, remembering, and completing tasks and calls into question whether Plaintiff is disabled.  ECF No. 17 at 6-7.  The Commissioner insists resolving these "conflicts" requires a "highly fact specific evaluation[.]"  ECF No. 17 at 7-8.

In response, Plaintiff argues the "conflict" relied upon by the Commissioner "has already been resolved by this Court: the ALJ previously cited such evidence [in the first decision], which was not clear and convincing under *Garrison*[.]"  ECF No. 18 at 4 (citing Tr. 570-76).  Plaintiff argues because the Commissioner failed to object to a remand for benefits on grounds not "based on findings already considered and rejected," no further proceedings are required and a remand for benefits is appropriate.  ECF No. 18 at 5.

The Court agrees with Plaintiff.  The ALJ's evaluation of Plaintiff's testimony contravened the clear mandate of this Court's prior remand order and consisted of near-verbatim findings.  *See* Tr. 572-76; *compare* Tr. 21-24 *with* Tr. 486-91.  As Plaintiff correctly notes, *see* ECF No. 14 at 4; ECF No. 18 at 4-5, this Court had already determined these findings were legally deficient and unsupported.  Contrary to the Commissioner's contention, the issue of whether Plaintiff's activities undermine his allegations has already been decided and a remand for reevaluation of this evidence is precluded by the doctrine of the law of the case.  *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

The Court acknowledges that the application of this doctrine is discretionary, *see United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (citing *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987)), but finds that no valid

ORDER GRANTING PLAINTIFF'S MOTION . . . 4

exceptions are present here, *see Stacy*, 825 F.3d at 567 (a court may exercise its discretion to depart from the law of the case doctrine "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust.") (citing *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991)).  Accordingly, a remand for a reconsideration of this evidence is both unwarranted and precluded.

Further, the Court discerns no ambiguities in the record that would necessitate a remand for further proceedings.  Indeed, the Court notes that the Commissioner does not dispute that the ALJ failed to properly evaluate the opinions of Plaintiff's treating providers or the lay testimony and, critically, does not proffer the need for reevaluation of this evidence as a ground to object to Plaintiff's motion for a remand for benefits.  Accordingly, the Court concludes that this step of the credit-as-true rule is satisfied.  *See Garrison*, 759 F.3d at 1021 (holding that the district court abused its discretion in remanding for further proceedings rather than immediate payment of benefits because a remand to allow ALJ a "mulligan" does not qualify as a "useful purpose" under the credit-as-true rule).

**C.      When the Improperly Discredited Evidence is Credited as True, the ALJ Would be Required to Find the Claimant Disabled on Remand.**

The Court also finds that, if credited, the erroneously discounted evidence would necessarily lead to a finding of disability on remand.  In particular, the opinions of Plaintiff's treating providers, if credited, are wholly consistent with disability.  The Commissioner does not suggest otherwise.  Both vocational experts testified an off-task rate above 10% per work day would preclude employment.  Tr. 85-86, 515.  Dr. Wey opined Plaintiff would be off-task at least 30% of a work

day.  Tr. 722.  Similarly, ARNP Dunbar opined Plaintiff would be off-task between 21-30% of a work day.  Tr. 726.  On this basis, Plaintiff would be found disabled.

The Court concludes this last step of the credit-as-true rule is satisfied.  *See, e.g.*, *Hoffschneider v. Kijakazi*, 2022 WL 3229989, at *3 (9th Cir. Aug. 10, 2022) (unpublished) ("Once the improperly discredited evidence is credited as true, the vocational expert's testimony forecloses a determination that Hoffschneider can work.") (citing *Reddick v. Chater*, 157 F.3d 715, 729-30 (9th Cir. 1998)); *Moe v. Berryhill*, 731 F. App'x 588, 592 (9th Cir. 2018) (finding third step of credit-as-true satisfied because "Moe's long-term counselor, Mr. Glenn, concluded that Moe would miss four days of work per month and have significant problems with authority and supervisors.  Other medical opinions corroborated these conclusions.  The vocational expert testified that someone who missed work 20% of the time or more would be unemployable."); *Werlein v. Berryhill*, 725 F. App'x 534, 536-37 (9th Cir. 2018) ("The VE's testimony at the hearing on this issue is clear, unopposed, and uncontradicted: a limitation of missing 8 to 10 work days per month would 'definitely' preclude employment.  Such a finding by the VE is a sufficient basis upon which to remand for determination of benefits.").

**D.    The Court Has No Serious Doubt that Plaintiff is Disabled.**

Finally, the Court further has no serious doubts as to whether Plaintiff is disabled, and finds that the delay since Plaintiff applied for disability nearly seven years ago and the passing of the date last insured over three years ago also weigh in favor of a finding of disability.  Under these extraordinary circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

## IV.    CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

1

Therefore, **IT IS HEREBY ORDERED:**

2
1.      Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is
3
**GRANTED**.

4
2.      Defendant's Motion for Remand, **ECF No. 17**, is **DENIED**.

5
3.      Plaintiff's Motion to Remand for Benefits, **ECF No. 18**, is
6
**GRANTED**.

7
4.      The District Court Executive is directed to file this Order and provide
8
a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for
9
Plaintiff and the file shall be **CLOSED**.

10
**IT IS SO ORDERED.**

11

DATED September 27, 2023.

12

13

14



JAMES A. GOEKE
15
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION . . . 7